JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar Number 7709
DANIEL J. COWHIG
Assistant United States Attorney
United States Attorney's Office
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101-6514
(702) 388-6336
daniel.cowhig@usdoj.gov
*Attorneys for the United States of America*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH GIULIANO,<br><br>Defendant. | Case No. 2:14-cr-371-JCM-DJA<br><br>TWENTY-SEVENTH STIPULATION TO CONTINUE SENTENCING |

The United States of America, through Jason M. Frierson, United States Attorney, and Daniel J. Cowhig, Assistant United States Attorney, and the defendant Joseph Giuliano, by and through his counsel, Shawn R. Perez, Esq., stipulate and agree and jointly move this Honorable Court to vacate the sentencing hearing set for Friday, December 6, 2024, at 10:00 a.m. and reset the sentencing proceedings in this matter at a date on or after June 6, 2025.

The parties make this stipulation and motion for good cause and not for the purposes of delay.

On August 1, 2024, defendant Giuliano was brought to the Emergency Department of the Sunrise Hospital and Medical Center in Las Vegas, Nevada, with a significantly diminished

1

level of consciousness. Defendant Giuliano had suffered significant burn injuries, as well as traumatic injuries consistent with assault. Defendant Giuliano was agitated, lethargic, unable to provide a history, and oriented only to self. Defendant Giuliano was admitted to the medical center.

Examining and treating physicians and providers diagnosed acute alcohol abuse, hyperactive delirium, Wernicke encephalopathy, and hyperammonemia, among other conditions. Defendant Giuliano was admitted on a medical hold. Physicians determined that defendant Giuliano's degree of loss of executive function resulted in a barrier to meaningful understanding or rational response; that he was able to make some but not all decisions his own care, and; that that he was unable to make or communicate decisions to such an extent that he lacked the ability to meet essential requirements for physical health, safety, or self-care without proper assistance. After a month in the facility, defendant Giuliano showed some minor improvement in his mental status. While physicians and other providers hold out hope that defendant Giuliano's condition will improve, they are unable to predict the ultimate outcome of treatment.

The National Institute on Alcohol Abuse and Alcoholism, a department of the National Institutes of Health, describes Wernicke-Korsakoff syndrome, the chronic presentation of Wernicke syndrome, as "a serious brain condition that is usually, but not exclusively, associated with chronic alcohol misuse and severe alcohol use disorder." https://www.niaaa.nih.gov/publications/brochures-and-fact-sheets/wernicke-korsakoff-syndrome. "Although some symptoms of Wernicke's disease such as muscle and vision problems are reversible with prompt thiamine treatment, other symptoms may respond more slowly or may not be completely reversible." *Id*. Those symptoms may include "severe, irreversible memory impairments, including problems forming new memories (called

1  anterograde amnesia) and recalling memories; [m]aking up inaccurate stories about events (i.e.,

2  confabulation) or remembering events incorrectly; [e]xperiencing hallucinations (i.e., seeing or

3  hearing things that are not really there); [r]epetitious speech and actions; [p]roblems with

4  decision making as well as planning, organizing, and completing tasks, [and]; [l]ack of

5  motivation and emotional apathy." *Id*. The medical records indicate that defendant Giuliano

6  exhibited all of these symptoms. "Memory rehabilitation therapies - similar to those provided for

7  various forms of dementia - can be effective in lessening the symptoms, but severe cases often

8  require residential care." *Id*.

9        On September 3, 2024, Sunrise Medical Center filed a Petition for Appointment of Clark

10 County Public Guardian describing defendant Giuliano's mental capacity. On October 3, 2024,

11 acting on the petition of the medical center, the Family Division of the District Court of Clark

12 County, Nevada, in Case No. G-24-061048-A, appointed the Clark County Public Guardian as

13 the General Guardian of the Person and Estate of defendant Giuliano.

14       As of the date of this filing, the Clark County Public Guardian case manager appointed

15 to oversee defendant Giuliano's person and estate informed counsel for the parties that based on

16 his current condition, defendant Giuliano "would not be able to attend [a court hearing] in

17 person; however, the social workers may be able to assist him with attending virtually. He

18 remains confused, unsteady on his feet so he's a fall risk. He is oriented to his name but when

19 you talk to him he doesn't make [sense] most of the time." The case manager is available and

20 intends to attend the upcoming hearing on behalf of defendant Giuliano.

21       Based upon the forgoing facts, a substantial issue exists that as of some date on or before

22 August 1, 2024, defendant Giuliano may have "suffer[ed] from a mental disease or defect

23 rendering him mentally incompetent to the extent that he is unable to understand the nature and

24 consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. §

4241(a). Based on these same facts, it is unclear whether "there is a substantial probability that in the foreseeable future [defendant Giuliano] will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(1).

The parties agree that it is in the interest of justice to defer sentencing for a period of 6 months to allow defendant Giuliano to receive treatment in his current medical setting to determine whether he will attain the capacity to permit the proceedings to go forward.

The parties agree that transfer to a Federal Bureau of Prisons facility for evaluation is not currently medically appropriate.

Defendant Giuliano is not in custody.

Denial of this request for continuance could result in a miscarriage of justice.

This is the twenty-seventh request to continue sentencing in this matter.

The parties respectfully request this Honorable Court issue the attached proposed Order to accomplish these ends.

Respectfully submitted this December 3, 2024.

| | |
|---|---|
| Counsel for Defendant<br>JOSEPH GIULIANO | JASON M. FRIERSON<br>United States Attorney |
| //s// Shawn R. Perez<br>SHAWN R. PEREZ, ESQ.<br>Law Offices of Shawn R. Perez<br>7121 W Craig RD #113-38<br>Las Vegas, NV 89129<br>702-485–3977<br>shawn711@msn.com | //s// Daniel J Cowhig<br>DANIEL J. COWHIG<br>Assistant United States Attorney |

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:14-cr-371-JCM-DJA |
| Plaintiff, | |
| vs. | **ORDER** |
| JOSEPH GIULIANO, | |
| Defendant. | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Based on the stipulation of the parties and the record in these matters, the Court finds that the parties make this stipulation and motion for good cause and not for the purposes of delay. The parties request this continuance of approximately 6 months because a substantial issue exists that as of some date on or before August 1, 2024, defendant Giuliano may have "suffer[ed] from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). The parties agree it is unclear whether "there is a substantial probability that in the foreseeable future [defendant Giuliano] will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(1). The parties agree that it is in the interest of justice to defer sentencing for a reasonable period to allow defendant Giuliano to undergo continued treatment in his current medical setting to determine whether he will attain the capacity to permit the proceedings to go forward. The parties agree that transfer to a Federal

Bureau of Prisons facility for evaluation is not currently medically appropriate. Defendant Giuliano is not in custody. Denial of this request for continuance could result in a miscarriage of justice. This is the twenty-seventh request to continue sentencing.

## ORDER

**IT IS HEREBY ORDERED**, on the stipulation of the parties and good cause appearing therefor, that the sentencing hearing set for Friday, December 6, 2024, at 10:00 a.m. be vacated and reset for __June 6__, 2025, at __10:00 a.m.__ in Courtroom 6A.

**IT IS SO ORDERED** December 4, 2024.

_____
THE HONORABLE JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

2